IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARY McMILLAN** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JO ANNE B. BARNHART,** )<br>**Commissioner of Social Security** )<br>)<br>**Defendant.** ) | Case No. 05-4121-JAR |

**MEMORANDUM AND ORDER**

Plaintiff has filed an application (Doc. 21) for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $8544.51, for 54.4 hours of attorney time at $156.78 per hour, plus costs of $250.00, plus an additional $666.32 for 4.25 hours of attorney time at $156.78 per hour, spent defending this motion for fees.

Defendant does not oppose an award of EAJA fees, but maintains that the number of hours billed, 54.4 hours, is excessive under the circumstances of this case. Although the EAJA allows for reimbursement of attorney fees and other expenses, those items must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A), and the Court has a duty to make an independent evaluation of the reasonableness of counsel's bill.[1] Indeed, the amount of the attorney's fee to be awarded is a decision that lies within the Court's discretion.[2]

Defendant argues that in a typical Social Security case, the EAJA fee application is for

---

[1] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[2] *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

between 30 and 40 attorney hours.³  Defendant further notes that plaintiff's counsel is very experienced in the area of Social Security law, having represented a number of claimants before this Court, which should mean more efficiency in processing this case.⁴  Defendant characterizes this case as routine, in that it "does not involve particularly complex legal or factual issues, complex medical records or novel issues," referencing that the transcript in this case is 483 pages, not an unusually large record.

In addition to arguing that the total hours, 54.4 is excessive, defendant challenges the reasonableness of the time billed for several tasks.  Defendant argues that it is unreasonable to bill 32.5 hours solely for brief writing and 12.25 hours for drafting a 22-page reply brief, which is partially redundant of plaintiff's initial brief.  Yet the cases defendant cites for this proposition involved judges reducing the hours for brief writing from 25 to 20 and from 42 to 32 hours.⁵  The Court finds that plaintiff's bill of 32.5 hours for brief writing is not unreasonable on its face.

Furthermore, plaintiff has met her burden of proving that these itemized billings are reasonable.  She points out that her counsel did not represent her at any of the administrative levels of this case, which began in 1998, but took this case "cold," which requires additional

---

³*See Peoples v. Shalala*, No. 94-4082-RDR, 1995 WL 462213 (D. Kan. July 27, 1995); *Austin v. Shalala*, No. 91-1326-FGT, 1994 WL 114845 (D. Kan. Apr. 1, 1994); *see also Nave v. Barnhart*, No. 03-2076-JWL, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) (collecting cases).

⁴As this Court stated in *Myer v. Barnhart,* No. 04-4077-JAR, 2005 WL 3084898, at *1 (D. Kan. Nov. 3, 2005), "[p]laintiff's counsel, Steven M. Tilton, is indeed very experienced in the representation of disability claimants before the Social Security Administration, and on appellate review by this Court and the Tenth Circuit Court of Appeals.  Since being admitted to the Bar of the State of Kansas in 1989, Mr. Tilton has handled approximately 1000 social security disability case, including over 100 cases filed in federal court.  About 95 percent of Mr. Tilton's practice is devoted to such representation.  He is also a frequent speaker on the subject of social security disability at various continuing legal education seminars."

⁵*See Keddie v. Callahan*, No. 94-1561-MLB, 1998 WL 401597 (D. Kan. May 19, 1998); *Redick v. Chater*, No. 94-1156-FGT, 1996 WL 473822 (D. Kan. Aug. 14, 1996).

briefing time.  This Court agrees.  And although the record in this case is not voluminous, plaintiff's counsel had to cull through plaintiff's "disjointed" testimony at the administrative hearing, as well as  numerous hand-written medical records and documents, comprising about 150 pages, which were difficult to read and which the ALJ failed to discuss or explain in his decision.

Moreover, the nature of the ALJ's errors evidences the necessity of a detailed briefing of the facts and issues in this case, for the ALJ missed or ignored evidence of one medical source, and discounted the opinions of all other medical sources.  As Magistrate Judge Reid found, it was not possible to determine what evidence the ALJ thus relied upon in making a determination of RFC.  Plaintiff's counsel appropriately spent 17.75 hours summarizing the testimony and medical evidence in this case, to demonstrate the ALJ's errors in ignoring or erroneously discounting the opinions of the medical sources.  And given that defendant did not address some of the evidence and arguments discussed in plaintiff's initial brief, this Court does not find the time spent pointing this out in her reply brief was unreasonable or excessive.

Defendant further argues that reimbursement for the costs of the $250.00 filing fee should be made from the Judgment Fund.  While  28 U.S.C. § 2412(b) directs that a court may award reasonable fees and expenses, a judgment for costs is separately provided for in 28 U.S.C. § 2412(a)(1), where it specifically states that "costs" are those enumerated under section 28 U.S.C. § 1920.  Because § 1920 provides that costs include fees of the clerk., this Court denies plaintiff's request for reimbursement of the $250.00 filing fee.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act (Doc. 21) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** plaintiff is awarded attorney fees in the amount of **$9210.83.**

**IT IS SO ORDERED**.

Dated this 27th day of February 2007.

      S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

*Memorandum and Order Granting Plaintiff's Motion for Attorneys' Fees under the EAJA*, McMillan v. Barnhart, 05-4121.